IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MATTHEW JAMES GRIMES,

      Plaintiff,

v.   No. 1:23-cv-00581-KK

KATRINA WATS,
SHELLPOINT MORTGAGE and
JOE MCSHERRY,

      Defendants.

**MEMORANDUM OPINION AND ORDER**
**TO CURE DEFICIENCY AND TO FILE AN AMENDED COMPLAINT**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Complaint for Violation of Civil Rights, Doc. 1, filed July 10, 2023 ("Complaint"), and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form), Doc. 2, filed July 10, 2023 ("Short Form Application").

**Order to Cure Deficiency**

Plaintiff filed a motion to proceed *in forma pauperis* using the form "Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)." *See* Doc. 2, filed July 10, 2023. The Short Form Application does not provide sufficient information for the Court to determine whether a plaintiff is unable to pay the required fees. The Court requires plaintiffs seeking to proceed without prepaying fees to file an "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)" ("Long Form Application"). Failure to file a Long Form Application within twenty-one (21) days from entry of this Order *or* failure to follow all instructions in the Long Form Application may result in denial of the motion to proceed *in*

*forma pauperis.*  Any papers Plaintiff files in response to this Order must include the civil cause number (No. 1:23-cv-00581-KK) of this case.

**Order for Amended Complaint**

This case appears to arise from a foreclosure action in state court and the eviction of Plaintiff and his family members from his home.  *See* Complaint at 4-5.  Plaintiff asserts claims for due process violations pursuant to 42 U.S.C. § 1983.  *See* Complaint at 3.  Plaintiff filed his Complaint using the form "Complaint for Violation of Civil Rights."  The Complaint contains very few factual allegations:

> On 6/7/2023 my [family] member[s] was removed by force and I as well . . . I was told that I was going to jail I tryed given my ID, that's when he went for his gun, so I and my members left the home, they had 7 plus officers there . . . had to find and make room for my members that was staying there, [illegible] forced to removing all from home . . .

Complaint at 5.  Plaintiff wrote "see attachments" on his Complaint and attached 51 pages of documents to the Complaint.  Complaint at 3-4.

The Complaint appears to assert a due process claim against Defendant Katrina Wats, who is a state-court judge.  *See* Complaint at 2.  "[S]tate court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are taken in the complete absence of all jurisdiction." *Sawyer v. Gorman*, 317 Fed.Appx. 725, 727 (10th Cir. 2008) (*quoting Mireles v. Waco,* 502 U.S. 9, 11-12 (1991));. *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority").  The only statement in the Complaint regarding Defendant Wats states Plaintiff filed a "motion to recuse judge not being given my d[ue] process."  Complaint at 7.

2

The Complaint appears to assert due process claims pursuant to 42 U.S.C. § 1983 against Defendants ShellPoint Mortgage and Joe McSherry "CFO." Complaint at 1. "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016). There are no factual allegations in the Complaint regarding Defendants ShellPoint Mortgage and McSherry. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

Although Plaintiff states "see attachments" and attached 51 pages of documents to his Complaint, the Court cannot comb through the attached documents to determine whether Plaintiff can state a claim upon which relief can be granted. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record").

The Court orders Plaintiff to file an amended complaint because the Complaint fails to state a claim upon which relief can be granted for the reasons stated above and should be dismissed.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

3

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i) Plaintiff shall file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) within twenty-one (21) days from entry of this order. Failure to timely file a Long Form Application may result in denial of Plaintiff's motion to proceed without prepaying fees or costs.

(ii) The Clerk shall send to Plaintiff a copy of this Order and an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form).

(iii) Plaintiff shall, within 21 days of entry of this Order, file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case.

_____
**KIRTAN KHALSA**
**UNITED STATES MAGISTRATE JUDGE**