IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MATTHEW JAMES GRIMES,

      Plaintiff,

v.                                                                    No. 1:23-cv-00581-WJ-KK

KATRINA WATS,
SHELLPOINT MORTGAGE,
JOE MCSHERRY,
BERNALILLO COUNTY SHERIFF'S DEPARTMENT
and its agents and special master, and
ALBUQUERQUE POLICE DEPARTMENT
and its agents and special master,

      Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This case appears to arise from a foreclosure action in state court and the eviction of Plaintiff and his "members" from his home. *See* Complaint for Violation of Civil Rights at 4-5, Doc. 1, filed July 10, 2023 ("Complaint"). Plaintiff, who is proceeding *pro se*, asserted claims for due process violations pursuant to 42 U.S.C. § 1983. *See* Complaint at 3. The Complaint contained very few factual allegations:

> On 6/7/2023 my member[s] was removed by force and I as well . . . I was told that I was going to jail I tryed given [sic] my ID, that's when he went for his gun, so I and my members left the home, they had 7 plus officers there . . . had to find and make room for my members that was staying there, [illegible] forced to removing all from home . . .

Complaint at 5.

United States Magistrate Judge Kirtan Khalsa notified Plaintiff that the Complaint failed to state a claim for the following reasons:

> The Complaint appears to assert a due process claim against Defendant Katrina Wats, who is a state-court judge. *See* Complaint at 2. "[S]tate court judges are

Case 1:23-cv-00581-WJ-KK   Document 9   Filed 07/28/23   Page 2 of 7

> absolutely immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are taken in the complete absence of all jurisdiction." *Sawyer v. Gorman*, 317 Fed.Appx. 725, 727 (10th Cir. 2008) (*quoting Mireles v. Waco,* 502 U.S. 9, 11-12 (1991));. *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority").  The only statement in the Complaint regarding Defendant Wats states Plaintiff filed a "motion to recuse judge not being given my d[ue] process."  Complaint at 7.
>
> The Complaint appears to assert due process claims pursuant to 42 U.S.C. § 1983 against Defendants ShellPoint Mortgage and Joe McSherry "CFO."  Complaint at 1.  "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016). There are no factual allegations in the Complaint regarding Defendants ShellPoint Mortgage and McSherry.  *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

Order at 2-3, Doc. 5, filed July 12, 2023.  Judge Khalsa ordered Plaintiff to file an amended complaint.  Judge Khalsa also ordered Plaintiff to file a second motion to proceed *in forma pauperis* using the correct application form.

Plaintiff subsequently filed an Amended Complaint, a Motion for an Emergency Restraining Order, and a second motion to proceed *in forma pauperis*.

**Temporary Restraining Order**

Plaintiff's Motion for Emergency Restraining Order states:

Third Party JHKM – Jennings Haug Keleher McLeod . . . keep tr[es]passing on my land & property and harassing with agents and forcing me off my land.  I have asked for person unknowned [sic] from JHKM to stop trespassing and damaging my home.  I have lawful notices of interest of home for violaters [sic] that have ignored warnings and notice.  My members are scared to move back in because of tre[s]passing.

Doc. 8 at 1, filed July 27, 2023.  JHKM is not named as a Defendant in the Complaint or Amended Complaint.

2

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> **(A)** specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> **(B)** the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

The Court denies Plaintiff's Motion for Emergency Restraining Order because Plaintiff has not stated: (i) specific facts that clearly show that immediate and irreparable injury will result to Plaintiff before JHKM or its agents can be heard in opposition; (ii) Plaintiff made any efforts to give notice of Plaintiff's Motion for Emergency Restraining Order to JHKM or its agents; and (iii) reasons why notice to JHKM and its agents should not be required.

**Amended Complaint**

Plaintiff filed his Amended Complaint using the form "Complaint for a Civil Case." Doc. 7, filed July 27, 2023. The caption of the Amended Complaint indicates the Plaintiff is "Matthew James Grimes Trust" ("Trust") but page one of the Amended Complaint, where the form complaint instructs plaintiffs to provide information for each plaintiff, indicates the Plaintiff is Matthew James Grimes (Trusty [sic])." The Court construes the Amended Complaint as asserting claims on behalf of Matthew James Grimes because there are no allegations indicating that Defendants violated any of the Trust's rights and because Plaintiff has not shown he can assert claims on behalf of the Trust. *See* D.N.M.LR-Civ. 83.7 ("A corporation, partnership or business entity other than a natural person must be represented by an attorney authorized to practice before this Court"). Plaintiff has not shown he is the sole beneficiary of the Trust, and if he is not the sole beneficiary the outcome of this action could affect the interests

3

of the other beneficiaries. *See U.S. v. Bates*, 999 F.2d 544 (9th Cir. 1993) (stating "In *C.E. Pope Equity Trust,* we held that while Rule 17(a) authorizes a trustee of an express trust to sue on behalf of the trust without joining the trust beneficiaries, it does not authorize the trustee to proceed pro se"); *C.E. Pope Equity Trust v. U.S.*, 818 F.2d 696, 697 (9th Cir. 1987) (holding that the trustee was not the beneficial owner of the trust's claims and, therefore, the trustee could not be viewed as a "party" conducting his "own case personally" within the meaning of section [28 U.S.C.] 1654).

The Amended Complaint adds as Defendants the Bernalillo County Sheriff's Department and its unnamed "agents + special master" and the Albuquerque Police Department and its unnamed "agents with special master." *See* Amended Complaint at 3.

The only factual allegations in the Amended Complaint state:

> [Plaintiff's "security agreement"] was violated on 6/7/2023 and [Plaintiff's] lawful notice [of "No Trespass"] . . . was violated as well ... on 7/25/2023 buy [sic] Albuquerque Police Department
> . . . .
> [Bernalillo County Sheriff's Department's] 7 agent[s] forced me and members off land, property on 6/7/2023
> . . . .
> [Albuquerque Police Department's] 7 agents with special master forced me off my land and property on 7/25/2023 ignoring lawful notice no trespass warning and land fee notice
> . . .
> Violations occur[r]ed on 6/7/2023 and on 6/30/2023 and on 7/25/2023 had to replace door locks each time they removed me by force at 870.00 per violation locks and labor
> . . . .
> Members that I had staying there that the church took off the streets have been displaced.

Amended Complaint at 2-4.  Where the form Plaintiff used for his Amended Complaint prompts plaintiff to state the basis for the Court's jurisdiction and the relief Plaintiff seeks, Plaintiff refers the Court to "my security agreement."  The security agreement which Plaintiff attached to his

4

Amended Complaint is a 14-page single-spaced document signed by Plaintiff and the Trust. Plaintiff did not mark any portions of the security agreement for the Court's review. Judge Khalsa previously notified Plaintiff that the Court cannot comb through attached documents to determine whether Plaintiff can state a claim upon which relief can be granted. *See* Order at 3 (quoting *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record")).

The Amended Complaint fails to state a claim against state-court judge Defendant Wats and Defendants Shellpoint Mortgage and Joe McSherry because there are no factual allegations describing what they did to Plaintiff. *See Franklin v. Kansas Dept. of Corrections*, 160 Fed.Appx. 730, 734 (10th Cir. 2005) ("[a]n amended complaint supersedes the original complaint and renders the original complaint of no legal effect") (citing *Miller v. Glanz,* 948 F.2d 1562, 1565 (10th Cir.1991)).

The Amended Complaint fails to state claims against Bernalillo County Sheriff's Department and Albuquerque Police Department because there are no allegations showing they are separate suable entities. "Generally, governmental sub-units are not separate suable entities that may be sued under § 1983." *Hinton v. Dennis*, 362 Fed.Appx. 904, 907 (10th Cir. 2010) (*citing Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (holding that City and County of Denver would remain as a defendant and dismissing complaint as to the City of Denver Police Department because it is not a separate suable entity). To the extent Plaintiff is asserting claims against Bernalillo County and the City of Albuquerque, the Amended Complaint fails to state claims because there are no factual allegations that County or City customs or policies were the moving force behind the alleged civil rights violations. *See McLain v. Sheriff of Mayes County*,

595 Fed.Appx. 748, 753-754 (10th Cir. 2014) ("To hold a local government liable under § 1983, a plaintiff must prove: "(1) a municipal employee committed a constitutional violation, and (2) a municipal policy or custom was the moving force behind the constitutional deprivation") (citing *Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs,* 151 F.3d 1313, 1318 (10th Cir.1998) and *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978)).

The Amended Complaint fails to state a claim against Bernalillo County Sheriff's Department's and Albuquerque Police Department's "agents and special master" who allegedly forced Plaintiff from his property. The Amended Complaint lacks sufficient facts to state a claim to relief that is plausible on its face.

> A plausible claim includes facts from which we may reasonably infer Defendant's liability. *Id.* at 1163. Plaintiffs must nudge the claim across the line from conceivable or speculative to plausible. *Id.* Allegations that are "'merely consistent with' a defendant's liability" stop short of that line. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

*Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021). The Amended Complaint alleges that the "agents and special master" ignored Plaintiff's no trespassing notice and forced Plaintiff from his property but does not allege any facts regarding the circumstances of their removal of Plaintiff from the property.

Plaintiff asks that "[Defendant Judge] Wats, the Sheriff's Department and Albuquerque Police Department . . . be reprimanded under Title Code 18-2071." Amended Complaint at 4. 18 U.S.C. § 2071 prohibits concealment, removal, or mutilation of records filed in any federal court or federal public office. The Amended Complaint fails to state a claim pursuant to 18 U.S.C. § 2107 because Section 2107 is a criminal statute. "[C]riminal statutes do not provide for private civil causes of action." *Kelly v. Rockefeller*, 69 Fed.Appx. 414, 415-416 (10th Cir.

2003); *see Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

The Court dismisses this case because the Amended Complaint fails to state a claim upon which relief can be granted.

**Motions to Proceed *In Forma Pauperis***

Plaintiff filed a motion to proceed *in forma pauperis* using the incorrect form. *See* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form), Doc. 2, filed July 10, 2023. Plaintiff, pursuant to Judge Khalsa's Order, filed a second motion to proceed *in forma pauperis* using the correct form. *See* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), Doc. 6, filed July 17, 2023. Because it is dismissing this case, the Court denies Plaintiff's motions to proceed *in forma pauperis* as moot.

**IT IS ORDERED** that:

(i) Plaintiff's Motion for Emergency Restraining Order, Doc. 8, filed July 27, 2023, is **DENIED.**

(ii) This case is **DISMISSED without prejudice.**

(iii) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form), Doc. 2, filed July 10, 2023, is **DENIED.**

(iv) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), Doc. 6, filed July 17, 2023, is **DENIED.**

**WILLIAM P. JOHNSON**
**CHIEF UNITED STATES DISTRICT JUDGE**