IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MATTHEW JAMES GRIMES,

       Plaintiff,

v.                                                                                                           No. 1:23-cv-00581-WJ-KK

KATRINA WATS,
SHELLPOINT MORTGAGE,
JOE MCSHERRY,
BERNALILLO COUNTY SHERIFF'S DEPARTMENT
and its agents and special master, and
ALBUQUERQUE POLICE DEPARTMENT
and its agents and special master,

       Defendants.

## AMENDED MEMORANDUM OPINION AND ORDER
## DENYING MOTION FOR LEAVE TO APPEAL *IN FORMA PAUPERIS*

       Plaintiff, who is proceeding *pro se*, filed a Notice of Appeal and sought leave to appeal *in forma pauperis* using a form for the Court of Appeals of the State of New Mexico. *See* Notice of Appeal, Doc. 15, filed September 6, 2023; Application for Free Process and Affidavit of Indigency, Doc. 16, filed September 6, 2023 ("Motion for Leave to Appeal *In Forma Pauperis*").

       United States Magistrate Judge Kirtan Khalsa ordered Plaintiff to file a motion for leave to appeal *in forma pauperis* using the appropriate Tenth Circuit form, "Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees (non-PLRA)" ("Tenth Circuit form"), and directed the Clerk to send the Tenth Circuit form to Plaintiff. *See* Doc. 20, filed September 8, 2023.

       Plaintiff did not file a "Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees (non-PLRA)" by the September 29, 2023, deadline. Plaintiff filed a Notice which states Plaintiff "ha[s] given all Parties my SECURITY AGREEMENT Non-Negotiable Private

Agreement with my Legal Notice and Demand which has been IGNORED By all Parties." Doc. 21, filed September 18, 2023 (with 25 pages of documents attached) (emphasis in original). Plaintiff's Notice does not provide any financial information showing Plaintiff is unable to pay the costs and fees of his appeal. Plaintiff provided a personal check in the amount of $505 for the appeal filing fee, but the $505 was not deposited due to insufficient funds. *See* Doc. 22, filed September 26, 2023.

The undersigned denied Plaintiff's Motion for Leave to Appeal *In Forma Pauperis* stating Plaintiff has not shown a financial inability to pay the required filing fees because the state-court form that he filed does not show his expenses or his spouse's income and Plaintiff did not file the appropriate Tenth Circuit form "Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees (non-PLRA)." *See* Doc. 25 at 3, filed October 4, 2023 (also denying Plaintiff's Motion for Leave to Appeal *In Forma Pauperis* because Plaintiff did not show the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal).

On the same day the Court entered its Order denying Plaintiff's Motion for Leave to Appeal *In Forma Pauperis*, Plaintiff filed a Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees using the appropriate Tenth Circuit form. *See* Doc. 24, filed October 4, 2023.

The Court now enters this Amended Order denying Plaintiff's second Motion for leave to appeal *in forma pauperis*.

"In order to succeed on [a motion for leave to proceed on appeal without prepayment of costs or fees], an appellant must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."

28 U.S.C. § 1915(a)(3). "The Supreme Court has held that good faith is to be judged by an objective standard, for review of any issue 'not frivolous.'" *Spearman v. Collins*, 500 Fed.Appx. 742, 743 (10th Cir. 2012) (citing *Coppedge v. United States*, 369 U.S. 438, 445 (1962). "An appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit." *Id.*; *see also Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002) ("an appeal is frivolous if it lacks an arguable basis in either law or fact").

Plaintiff has shown a financial inability to pay the required filing fees. Plaintiff's financial declaration shows that: (i) Plaintiff and his spouse's combined average monthly income during the past 12 months is $2,800.00; (ii) Plaintiff and his spouse's combined monthly expenses total $5,221.00. *See* Doc. 24 at 3, 7.

Plaintiff has not, however, shown the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal. Where the Tenth Circuit form "Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees" prompts appellants to state their issues on appeal, Plaintiff wrote:

> The District Court has ignored my Security Agreement Non-Negotiable Private Agreement. My land and property and cars have been taking [sic] from me by force [illegible] of guns and threats. From what I overstand [sic] not practicing law, I'm reading my Security Agreement Legal Notice and Demand page 4 of 9 states the undersigned that will be me, Trustee, accepts said oath(s) of office that you have sworn to uphold . . . District Court has denied me my due process . . . I've been without my land and property since June/7th/2023.

Doc. 24 at 2.

Plaintiff has not set forth any nonfrivolous argument of error regarding the Court's decision. Judge Khalsa explained why Plaintiff's original Complaint failed to state a claim and, regarding the 51 pages of documents attached to the Complaint, notified Plaintiff:

> the Court cannot comb through the attached documents to determine whether Plaintiff can state a claim upon which relief can be granted. *See Garrett v. Selby*

3

*Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record").

Doc. 5 at 3. Plaintiff's Amended Complaint directed the Court to "refer to my security agreement." Plaintiff attached the 14-page single-spaced Security Agreement to the Amended Complaint but did not mark any portions of the Security Agreement for the Court's review. *See* D.N.M.LR-Civ. 10.6 ("The portions of an exhibit the party wishes to bring to the Court's attention must be marked, e.g., by brackets, shading, or underlining"). After the Court dismissed this case, Plaintiff filed a Motion to Reconsider in which he asked the Court to "refer to my attachments in the attachments is my Security Agreement." Doc. 12 at 1, filed August 7, 2023. Plaintiff did not, however, file his Security Agreement with any portions marked for the Court's review. Plaintiff's argument that the Court denied Plaintiff due process by ignoring his Security Agreement is without merit because the Court previously notified Plaintiff that the Court cannot comb through attached documents to determine whether Plaintiff can state a claim upon which relief can be granted and Plaintiff did not file his Security Agreement with portions marked for the Court's review.

The Court concludes that Plaintiff's appeal is not taken in good faith and that his request for leave to appeal *in forma pauperis* must be denied because he has not identified "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben*, 937 F.2d at 505.

**IT IS ORDERED** that Plaintiff's Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees, Doc. 24, filed October 4, 2023, is **DENIED.**

**THE COURT CERTIFIES** that Plaintiff's appeal is not taken in good faith.

                                          **WILLIAM P. JOHNSON**
                                          **CHIEF UNITED STATES DISTRICT JUDGE**